IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: BOBBI ANN CREEGAN<br>      Debtor | : | CHAPTER 13 |
| | : | |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>      Objectant | : | |
| vs. | : | |
| BRENT DIEFENDERFER, ESQUIRE<br>      Applicant | : | CASE NO. 1:23-bk-01112-HWV |

**TRUSTEE'S OBJECTION TO FIRST
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 2nd day of October, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the First Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on September 18, 2023 and states as follows:

**Facts**

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On May 17, 2023, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code. (ECF No. 1).

3. On September 18, 2023, Applicant filed his First Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 26).

4. Applicant's First Fee Application requests $5,455.94 in compensation and reimbursement of expenses to be paid through the Chapter 13 Plan. (ECF No. 26).

1

5. The District has determined that $4,500.00 is a presumptively reasonable fee ("PRF") for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

6. The Fees and Compensation in the present case total approximately $7,255.94 including a retainer received at the beginning of the case in the amount of $1,800.00. (ECF No. 26).

## Applicable Law

7. The PRF should be used "as a guide or 'starting point' to what should be considered a 'reasonable fee in a routine Chapter 13 case in this District." *In re Badyrka*, No. 5:20-20-03618-MJC, 2022 WL 4656034 at *6 (Bankr. M.D. Pa. Sept. 30, 2022) (citation omitted).

8. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

9. Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows **reasonable** fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

10. The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

11. The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

12. Under Bankruptcy Rule 2017(b), the Court "may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive . . .." Fed. R. Bankr. P. 2017(b).

13. The applicant bears the burden of proving that the fees and expenses sought are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995). "When the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *In re Parilla*, 530 B.R. 1, 13 (Bankr. D.P.R. 2015) (quoting *In re Thorn*, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1984).

14. "Excessive attorney's fees should not be awarded where such award contravenes the purposes of Chapter 13." *In re Tcherneva*, 638 B.R. 676 (Bankr. E.D.N.Y. 2022).

15. The Court must conduct an objective inquiry based upon what services a reasonable lawyer or law firm would have performed in the same circumstances. *In re Fleming Companies, Inc.*, 304 B.R. 85, 89-90 (Bankr. D. Del. 2003). A "judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, bounded on an understanding of

the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver*, 19 F.3d at 854). When making its consideration, the Court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *See*, e.g., *In re Maruko, Inc.*, 160 B.R. 633, 642 (Bankr. S.D. Cal. 1993). Since "its time is precious, the reviewing Court need only correct reasonable discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d 833 at 844-845; *see* also *In re Strauss*, No. 21-00995-MJC (Bankr. M.D. Pa. Mar. 31, 2023).

16. The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See* also *In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

17. Judge France previously stated "[a] bankruptcy court must balance adequately compensating attorneys in order to encourage competent counsel to represent bankruptcy debtors with insuring that the costs of administration do not consume assets that otherwise would be available to creditors. In making a fee determination, the court must take into consideration whether the professional exercised 'reasonable billing judgment.'" *In re Fontaine*, 2015 WL 5162557, at *3 (Bankr. M.D Pa. 2015).

18. Finally, with regard to defending fee applications, the Supreme Court has been clear in stating: "Section 330(a)(1) itself does not authorize the award of fees for defending a fee application, and that is the end of the matter." *Baker Botts LLP v. Asarco LLC*, 135 S. Ct. 2158, 2169 (2015).

**Analysis and Facts Specific to the Present Fee Application**

19. The Trustee avers that the overall fees charged in the amount of $7,255.94 are excessive where this is Applicant's First Application in the case, and there do not appear to have been any issues out of the ordinary that go beyond the administration of a typical Chapter 13 case. (ECF No. 26).

20. The Trustee avers the First Fee Application is not reasonable for the following reasons:

    a. The Fee Application includes charges that are duplicative, and excessive relative to the complexity of the task which are not allowed under Section 330(a)(1):

        1) Applicant and Paralegal charged cumulatively approximately 13.9 hours (4.1 hours Attorney time, 9.8 hours Paralegal time) for preparation of the original schedules and plan which is excessive relative to the complexity of the task particularly where an amended plan is imminent. (ECF No. 26-1). Accordingly, the fees should be reduced to a reasonable amount.

        2) On April 26, 2023, Applicant charged .2 hours in the amount of $66.00 for "Draft follow-up letter consultation client regarding outstanding materials needed to file bankruptcy", which is excessive relative to the complexity of the task, and should therefore have been delegated and billed at a paralegal rate. (ECF No. 26-1). Accordingly, the fees should be reduced to $27.00 which would be the paralegal rate.

5

3) On May 17, 2023 Paralegal charged .2 hours in the amount of $27.00 to "Prepare and send fax to Counsel for Bank of America to inform them of the Emergency Petition being filed. Email client to inform her that the case was filed", which is clerical in nature and should not be charged other than as overhead. (ECF No. 26-1).

4) On May 18, 2023, Applicant charged .2 hours in the amount of $66.00 for "Email to Bobbi regarding remaining materials necessary to complete schedules, chapter 13 plan, etc. Email to Bobbi regarding the scheduling of the meeting of creditors and what to expect at the meeting of creditors, etc." which is excessive relative to the complexity of the task, and should therefore have been delegated and billed at a paralegal rate. (ECF No. 26-1). Accordingly, the fees should be reduced to $27.00 which would be the paralegal rate.

5) On May 30, 2023 Applicant and Paralegal charged cumulatively approximately .5 hours (.4 hours Attorney time, .1 hours Paralegal time) in the amount of $145.50 for analysis of estimated tax claims, and correspondence regarding unfiled tax returns, which is duplicative and excessive relative to the complexity of the task and should be reduced to a reasonable amount. (ECF No. 26-1).

6) On May 31, 2023 Applicant charged .2 hours in the amount of $66.00 for "Receipt and review of comparable market analysis from client which opines that the property is worth $270,000: make adjustments schedules A/B and D accordingly". (ECF No. 26-1). Then also on

May 31, 2023 Paralegal charged .1 hours in the amount of $13.50 for "Print and review Comparable Market Analysis received from client", which is duplicative and should therefore be disallowed. (ECF No. 26-1).

7) On June 29, 2023, it would appear Paralegal charged 1.3 hours in the amount of $175.50 for "Interoffice review of signed schedules and Chapter 13 Plan with supporting documentation with Attorney Brent C. Diefenderfer in order to file." (ECF No. 26-1). The time entry is unclear as to whether or not the amount was discounted, and requires clarification regarding the charge. If the amount was charged it is excessive and should be reduced to a reasonable amount.

8) On August 31, 2023, Applicant charged .9 hours in the amount of $297.00 to "Work on amended plan and first fee application", which is improperly grouped, and should be separated to demonstrate the amount of time spent on each task. Then also on August 31, 2023 Paralegal charged 1.2 hours in the amount of $162.00 for "Preparation of First Fee Application", which is excessive overall when taking into account Applicant also charged for preparation of the First Fee Application, and should therefore be reduced accordingly.

7

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

Respectfully submitted,

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder
Attorney for Trustee

# CERTIFICATE OF SERVICE

AND NOW, this 2nd day of October, 2023, I, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Brent Diefenderfer, Esquire
CGA Law Firm
135 North George Street
York, PA 17401
bdiefenderfer@cgalaw.com

                                         /s/Elizabeth R. Fitzgerald
                                         Paralegal for Chapter 13 Trustee
                                         8125 Adams Drive, Suite A
                                         Hummelstown, PA 17036
                                         (717) 566-6097